UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GARNELL THOMPSON,
    Plaintiff          COMPLAINT

V.          Civil Action No.

NEW YORK STATE Corrections    JURY TRIAL DEMANDED
and Community Supervision;
C. YEHL, Superintendent,
L. URBAN, Deputy Superintendent
for Program Services individually
and in their official capacities,
    Defendants.

           I. Complaint

Plaintiff, Garnell Thompson (G.T.), Pro Se for his Complaint states as follows:

II. Parties, Jurisdiction and Venue

1. Plaintiff, Garnell Thompson was confined in Wende Correctional Facility, located at 3040 Wende Road, Alden, New York 14004-1187.

2. Plaintiff Garnell Thompson is, and was at all times mentioned herein, an adult citizen of the United States and a resident of the State of New York.

3. Defendant NEW YORK STATE Corrections and Community Supervision (DOCCS) at all relevant times mentioned herein had a duty to ensure that qualified individuals with a disability are not discriminated against in its programs, services, and activities.

4. Defendant C. Yehl, Superintendent at Wende Correctional Facility had a duty to ensure that inmates with sensorial disabilities recieved Reasonable Accommodations enabling them to participate in programs, services and activities conducted by DOCCS.

5. Defendant L. Urban, Deputy Superintendent for Program Services at Wende Correctional Facility at all relevant times herein mentioned had a duty to ensure that inmates with medically verified sensorial disabilities recieved Reasonable Accommodations.

6. This action arises under and is brought pursuant to 42 U.S.C. Section 1983 to remedy the deprivation under color of state law of rights guaranteed by the Eigth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 and 1343.

7. This cause of action arose in the Western District of New York. Therefore venue is proper under 28 U.S.C. Section 1391(b)

8. Plaintiff's claims for injunctive relief are authorized by Rule 65 of the Federal Rules of Civil Procedure.

III. Previous Lawsuits by Plaintiff

9. Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment.

IV. Exhaustion of Administrative Remedies

10. Plaintiff filed grievance, appealed Inmate Grievance Committee (IGRC) decision, and appealed Superintendent's decision to Central Office Review Committee (CORC).

V. Statement of Claim

11. At all relevant times herein defendants were "Persons" for purposes of 42 U.S.C. Section 1983 and acted under color of law to deprive Plaintiff of his constitutional rights, as set forth more fully below.

VI. Statement of Facts

12. Since 2006 Plaintiff has been inmate in custody of DOCCS.

13. On December 18, 2020 Plaintiff was approved for Reasonable Accommodations as qualified individual with Disabilities (Severe Visual-

Impairment (V236) / Legally Blind (B240).

14. In August 2021, at Wende Prison — C. Ewing., Instructor of the Blind (IOB) gave Plaintiff a Guidance Cane, Sunglasses, Magnifier, lamp, Casette Player, 20/20 Pens and writing paper. These items were deemed Reasonable Accommodations to help Plaintiff See, Walk, read and write properly.

15. On August 20, 2021, after Plaintiff was examined by Eye Doctor at Wende Prison Medical Personnel downgraded Plaintiff's Medical Classification of Severe Visual Impairment — Legally Blind without Plaintiff being given Corrective lenses or eyeglasses prescribed by Eye Doctor to help Plaintiff See properly.

16. Approximately one month later C. Ewing., in letter dated October 5, 2021, Notified Plaintiff that due to his Medical re-classification, he had to take back Reasonable Accommodations he'd given Plaintiff. C. Ewing., (IOB) thereafter removed accommodations from Plaintiff's Cell.

17. On October 5, 2021, Plaintiff wrote written Complaint to K. Gugino, Nurse Administrator — 1. In said Complaint, Plaintiff contended that Medical Personnel at Wende Correctional Facility were showing deliberate indifference to his health and safety by downgrading his sensorial disabilities causing

the removal of Reasonable Accommodations improperly. In response letter dated 10/7/21, Gusino told Plaintiff after reviewing his Medical Record, she found that "No deliberate indifference was shown by Staff as you state."

18. On November 30, 2021, after not being given prescribed corrective lenses/eye glasses for approximately 3 months, the Plaintiff who suffers from Glaucoma and could not see properly submitted new application with Deputy Superintendent for Program Services at Wende Prison for Reasonable Accommodations which included a Support Cane, Visor/Sunglasses, Magnifiers, CCTV, Tape Player/Cassettes, and large print. The DSP denied Plaintiff's application for RA on January 27, 2022.

19. January 28, 2022, Superintendent Hearing was conducted by DSP to determine whether Plaintiff was improperly deprived of Reasonable Accommodations. The Plaintiff requested an assistant but was not assigned an assistant for the hearing. Plaintiff told DSP that he was entitled to Reasonable Accommodations because seven days had passed since Eye Doctor prescribed him prescription eyeglasses and DOCCS had failed

to give him the eyeglasses. So, pursuant to DOCCS own directive 2614 (VIII)(B) the granting of his request dated 11-30-21 was Mandated. The Plaintiff explained to the DSP that he could not see or walk properly. The DSP told Plaintiff that Wende Correctional Facility did not follow directive 2614. The Plaintiff became frustrated and left the hearing. A few days later Plaintiff recieved Notice via institutional Mail that DSP denied his appeal.

20. On February 1, 2022, Plaintiff filed grievance concerning denial of his application for Reasonable Accommodations (WDE-0073-22). The Plaintiff asserted in his grievance, that DOCCS, its employees, agents and servants improperly modified Reasonable Accommodations he had been medically verified for because he was severely visually Impaired, Legally Blind, Suffering from Vertigo Dizziness, Serious Mobility issues, and was a fall risk. The Plaintiff also contended that DOCCS its employees, agents and servants were disobeying Doctor's Orders showing deliberate indifference to his health and safety. The Inmate Grievance Committee denied Plaintiff's grievance, the Superintendent and Central Office Review Committee (CORC) affirmed IGRC'S

determination.

21. Defendants named in paragraphs 4 through 5 at all times mentioned herein were employees, agents, or servants of NEW YORK STATE Corrections and Community Supervision.

22. Plaintiff realleges and incorporates by reference the allegations of paragraphs 12 through 21 above in their entirety.

23. Plaintiff alleges NEW YORK STATE Corrections and Community Supervision, its employees, agents and servants denied him access to exercise, yard, Gym, Showers, Law Library and other Programs, services, and activities conducted by DOCCS when denying him Reasonable Accommodations, that he needed to see, and walk.

24. Plaintiff was medically diagnosed as having Severe Visual Impairment, Legally Blind and Glaucoma by Eye Doctors at NEW LIONS EYE / GLAUCOMA, GLAUCOMA CONSULTANTS and HARRISON at UPSTATE HOSPITAL prior to being transferred (Medical transfer) on Doctor John Ricciadelli's order from Elmira Correctional Facility to Wende Prison because Doctor Ricciadelli examined Plaintiff

and determined that Plaintiff could not see or walk properly and suffered from extreme pain in his feet and legs requiring that Plaintiff be housed in Regional Medical Unit at Wende Correctional Facility and ambulated slowly in wheelchair. Notably, Plaintiff was not housed in Regional Medical Unit (RMU) or ambulated in wheelchair after being transfered to Wende Correctional Facility. The Plaintiff was housed in D-Block housing Unit inside Wende prison and told by IOB, C. Ewing, that he had to re-apply for the Reasonable Accomodations he'd already been approved for at Elmira prison seven months earlier but never recieved.

25. No other inmate with disabilities similar to Plaintiff is required by DOCCS to re-apply for accommodations already granted in prior Correctional Facility.

26. As a direct consequence of defendants failure to give Plaintiff Reasonable Accomodation after failing to give Plaintiff prescription eyeglasses for over six months, the Plaintiff suffers extreme pain on a daily basis, bumping into walls, falling down steps, and tripping over objects.

27. The Plaintiff's condition may produce death, degeneration, or extreme pain. Wherefore Plaintiff Garnell Thompson demand judgment against defendants and each of them in sum of Two Million Dollars plus costs and fees.

Dated: March 10, 2020

Garnell Thompson.
Wende Correctional Facility
Wende Road, Alden, NY 14004-1187