UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GARNELL THOMPSON,

                                Plaintiff,                    Case # 22-CV-6307-FPG

v.

                                                                DECISION AND ORDER

NEW YORK STATE CORRECTIONS
AND COMMUNITY SUPERVISION et al.,

                                Defendants.
_____

On March 24, 2022, *pro se* Plaintiff Garnell Thompson commenced this action in the United States District Court for the Northern District of New York, asserting claims under 42 U.S.C. § 1983. *See* ECF No. 1. The case was transferred to this Court on July 19, 2022, ECF No. 10, and the Court screened the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, ECF No. 15. On September 29, 2022, the Court issued a Decision and Order in which it concluded that Plaintiff plausibly stated an Eighth Amendment deliberate indifference claim, as well as claims under Title II of the Americans with Disabilities Act and § 504 of the Rehabilitation Act of 1973, all of which relate to certain accommodations for his poor vision. *See* ECF No. 15 at 1-2, 34-36. On March 8, 2023, the Court referred the matter to Magistrate Judge Marian W. Payson for all pretrial matters excluding dispositive motions, and discovery commenced. *See* ECF Nos. 26-27. Two months later, on May 8, 2023, Plaintiff filed a motion for summary judgment. ECF No. 32. On June 2, 2023, Defendants filed a declaration arguing that summary judgment is premature because discovery is incomplete. ECF No. 35. Plaintiff filed a reply on June 15, 2023. ECF No. 36. As explained below, Plaintiff's motion is premature and is therefore DENIED WITHOUT PREJUDICE to refiling upon the completion of discovery.

      While the Federal Rules of Civil Procedure permit a party to move for summary judgment "at any time," Fed. R. Civ. P. 56(b), no party should be "unjustly deprived of [their] ability to meet

1

[its] burden of production" at summary judgment. *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989). Instead, the nonmoving party is entitled to "an opportunity to discover information that is essential to [its] opposition" to the summary judgment motion. *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). Accordingly, "courts routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete." *Toussie v. Allstate Insurance Co.*, 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016); *see also Crystalline H2O, Inc. v. Orminski*, 105 F. Supp. 2d 3, 8 (N.D.N.Y. 2000) ("The Second Circuit has denied motions for summary judgment as premature in cases where nonmoving party did not have 'a fully adequate opportunity for discovery.'").

Here, Plaintiff's motion is premature because discovery is not complete. *See Trebor Sportswear*, 865 F.2d at 511; *Toussie*, 213 F. Supp. 3d at 445. In the declaration submitted in response to Plaintiff's motion, counsel for Defendants states that discovery is "still ongoing, including a deposition of Plaintiff and any of his witnesses." ECF No. 35 ¶ 3. The declaration further points to specific, outstanding matters that will likely be "essential to [Defendants'] opposition" to Plaintiff's motion. *Trebor Sportswear*, 865 F.2d at 511. For example, Plaintiff contends that Defendants fabricated the January 21, 2022 eye examination on which Defendants allegedly relied to revoke accommodations he had received for his poor vision. *See* ECF No. 32 at 3, 12. Defendants have sought, but have not yet received, the authorization to access medical documents that would allow them to "ascertain what medical examination[s] were conducted." ECF No. 35 ¶¶ 6, 8. As it stands, whether the January 21, 2022 eye examination occurred goes "directly to the heart of Plaintiff's claims against Defendant[s]." *United Pool Distrib., Inc. v. Custom Courier Sols., Inc.*, No. 22-CV-6314-FPG, 2023 WL 5509259, at *1 (W.D.N.Y. Aug. 25, 2023); *see* ECF No. 32 at 5-8 (asserting that Defendants supported the allegedly unlawful decision

2

to deny Plaintiff reasonable accommodations for his poor vision by referring to the January 21, 2022 eye examination that never occurred).  But Defendants have neither had the opportunity to examine the medical documents that could shed light on whether that eye examination occurred nor to depose Plaintiff or his witnesses regarding that examination.  Accordingly, "discovery over relevant matters" remains incomplete, *Toussie*, 213 F. Supp. 3d at 445, and Plaintiff's motion for summary judgment is premature.

Therefore, Plaintiff's Motion for Summary Judgment, ECF No. 32, is DENIED WITHOUT PREJUDICE to refiling upon the close of discovery.

IT IS SO ORDERED.

Dated: October 5, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

3