UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

GARNELL THOMPSON,

                                  Plaintiff,          Case # 22-CV-6307-FPG

v.                                                        DECISION & ORDER

NEW YORK STATE CORRECTIONS &
COMMUNITY SUPERVISION, et al.,

                                  Defendants.

## INTRODUCTION

*Pro se* Plaintiff Garnell Thompson brings this civil rights action against Defendants New York State Corrections & Community Supervision ("DOCCS"), C. Yehl, and L. Urban, raising claims under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. ECF Nos. 1, 15. Defendants now move for summary judgment, ECF No. 62, which Plaintiff opposes. ECF No. 64. For the reasons that follow, Defendants' motion is GRANTED.

## LEGAL STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See*

1

*Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted).

## BACKGROUND

The following facts are taken from the record. Plaintiff is an inmate currently in DOCCS's custody. In July 2021, Plaintiff was transferred to Wende Correctional Facility. At the time of the transfer, Plaintiff was classified as "legally blind" under DOCCS Directive 2612. ECF No. 62-3 at 1. DOCCS Directive 2612 sets forth the procedures governing the provision of accommodations to inmates who are "legally blind" or suffer from a "severe visual impairment"—terms which are expressly defined by that directive. *See generally id.* at 27-41. An inmate suffering from legal blindness or a severe visual impairment may request accommodations by submitting a completed Form 2612B. *See id.* at 39.

When Plaintiff arrived at Wende, he submitted a Form 2612B. ECF No. 62-4 at 13. He requested large print materials; orientation & mobility instruction, mobility assistants/sighted guide; a guidance cane; braille print; braille equipment; magnifiers; tape player/cassettes; a lamp; sunglasses for indoor use; and a talking calculator. *Id.* A facility official approved the accommodations, except that Plaintiff's request for braille equipment was granted with the caveat that it could only be used in the resource room. *See id.* at 14. Plaintiff agreed with the determination. *Id.*

On September 14, 2021, Shahid Haque, M.D.—a clinical physician at Wende—reviewed Plaintiff's medical records. *Id.* at 3. A prior ophthalmology report, dated January 21, 2021, revealed that, without correction, Plaintiff had no light perception in his right eye (*i.e.*, total blindness), and "20/50 +2" in his left eye. *Id.* at 16.

Based on this report, Dr. Haque concluded that Plaintiff did not meet the requirements of "legal blindness" or "severe visual impairment" set forth in DOCCS Directive 2612.[1] *See* ECF No. 62-3 at 28; ECF No. 62-4 at 2-4. On October 5, 2021, Conor Ewing—Wende's Instructor of the Blind—notified Plaintiff that his vision classification had been "downgraded from [legally blind] to not legally blind or visually impaired," and therefore he "no longer qualif[ies] for reasonable accommodations under Directive 2612." ECF No. 62-3 at 14. On October 12, 2021, Ewing collected the items that had been furnished to Plaintiff. *Id.*

To "further evaluate Plaintiff's vision," Dr. Haque referred Plaintiff to an outpatient eye clinic in November 2021. ECF No. 62-4 at 4. Plaintiff's eye exam, conducted on November 23, 2021, confirmed the objective findings from the January 2021 exam and corroborated Dr. Haque's conclusion. *See id.* at 4, 22-23.

On November 30, 2021, Plaintiff submitted another request for reasonable accommodations with Form 2612B. *See id.* at 27-28. He requested large-print materials, a support cane, magnifiers, tape player/cassettes, "visor/sunglasses" for indoor use, and CCTV. *See id.* at 27. On December 14, 2021, Dr. Haque declined to confirm the medical verification section of the form, checking a box marked "No Medical Verification on File." ECF No. 62-4 at 28. As previously stated, Dr. Haque concluded that Plaintiff no longer qualified for reasonable accommodations under DOCCS Directive 2612. *See id.* at 5. The accommodation request was denied on December 29, 2021, due to Plaintiff's downgraded vision classification. *See id.* at 28. On January 20, 2022, Plaintiff sought review of the determination. *See id.*

---

[1] "Legal blindness" requires visual acuity of "20/200 or less in the BETTER eye with best correction," and "severe visual impairment" requires visual acuity of "20/70 or less in the BETTER eye with best correction." ECF No. 62-3 at 28. In the alternative, a person must have a degraded visual field in the better eye, *see id.*, which the January 2021 report indicated that Plaintiff did not have. *See* ECF No. 62-4 at 16 (describing Plaintiff's visual field in his left eye as "full").

Separately, on January 24, 2022, Plaintiff submitted a "Request for Reasonable Accommodation" via Form 2614B. *See id.* at 29. That form pertains to DOCCS Directive 2614, which sets forth the procedures for the provision of reasonable accommodations for inmates with disabilities (except for inmates who are eligible for accommodations under Directive 2612). *See* ECF No. 62-3 at 42. Plaintiff wrote that he sought accommodations to help "read + write" because he was limited in his ability to "use my vision (Glaucoma)." ECF No. 62-4 at 29. Plaintiff requested large print paperwork, a 3x magnifier, 20/20 pens, and "bold-line paper." *Id.* On January 27, 2022, Dr. Haque recommended that "some accommodations should be given" because Plaintiff "has limited vision[] but does not meet the criteria for severe visual impairment or legal blindness." *Id.*

On January 28, 2022, Defendant L. Urban—Deputy Superintendent of Programs at Wende—approved Plaintiff's Form 2614B request in full. *Id.* at 29. On the same day, Urban met with Plaintiff to review Plaintiff's Form 2612B request. At the meeting, Urban denied Plaintiff's request, citing Plaintiff's downgraded classification. *See* ECF No. 1-1 at 5. On February 1, 2022, Plaintiff filed a formal grievance over the denial of his Form 2612B, in accordance with the procedures set forth in Directive 2612. *See* ECF No. 1-1 at 6-7; *see also* ECF No. 62-3 at 41. Plaintiff fully exhausted his administrative remedies but was not granted any accommodations. *See* ECF No. 62-7 at 194-204.

In March 2022, Plaintiff filed the present action. ECF No. 1. At screening, the Court construed Plaintiff's complaint to raise three viable claims. First, Plaintiff raised an Eighth Amendment claim against Urban in his individual capacity, insofar as he alleged that Urban was deliberately indifferent to Plaintiff's need for "corrective lenses." ECF No. 15 at 10. Second, Plaintiff raised a Title II ADA claim against DOCCS and against Urban and Defendant C. Yehl

(Wende's Superintendent) in their official capacities, insofar as he alleged that the denial of his accommodations interfered with his abilities to "see[] and walk" and therefore prevented him for making use of the Wende's "exercise yard, gym, showers, law library and other programs." ECF No. 1 at 7; *see also* ECF No. 15 at 21, 33.  Third, Plaintiff raised a Rehabilitation Act claim against DOCCS and against Yehl and Urban in their official capacities, on the same basis as the ADA claim.  *See* ECF No. 15 at 21, 33.  In his opposition memorandum, Plaintiff confirms that this action is limited to the issues raised in his grievance.  *See* ECF No. 64 at 14.

## DISCUSSION

Defendants move for summary judgment on all three of Plaintiff's claims.  The Court examines the claims below.

### I. Eighth Amendment Violation against Urban

In its screening order, the Court construed Plaintiff's complaint to raise an Eighth Amendment claim against Urban in his individual capacity—specifically, that Urban exhibited deliberate indifference to Plaintiff's need for corrective lenses to ensure that he can "see [and] walk properly" within the facility.  ECF No. 15 at 10; *see also* ECF No. 1 at 8 (alleging that, without "prescription eyeglasses," Plaintiff "suffers extreme pain on a daily basis, bumping into walls, falling down steps, and tripping over objects").

Defendants argue that this claim should be dismissed for several reasons.  The Court need only discuss one: Plaintiff's failure to present evidence establishing the subjective element of his Eighth Amendment claim against Urban.  *See* ECF No. 62-8 at 12.

"In order to state an Eighth Amendment claim based on constitutionally inadequate medical treatment, the plaintiff must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Wright v. Genovese*, 694 F. Supp. 2d 137, 153

(N.D.N.Y. 2010) (internal quotation marks omitted). This standard consists of two elements: "The first element is objective and measures the severity of the deprivation, while the second element is subjective and ensures that the defendant acted with a sufficiently culpable state of mind." *Id.* As to the subjective prong of a deliberate-indifference claim, the Second Circuit has written as follows:

> The second requirement for an Eighth Amendment violation is subjective: the charged official must act with a sufficiently culpable state of mind. In medical-treatment cases . . . the official's state of mind need not reach the level of knowing and purposeful infliction of harm; it suffices if the plaintiff proves that the official acted with deliberate indifference to inmate health. Deliberate indifference is a mental state equivalent to subjective recklessness, as the term is used in criminal law. This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result. Although less blameworthy than harmful action taken intentionally and knowingly, action taken with reckless indifference is no less actionable. The reckless official need not desire to cause such harm or be aware that such harm will surely or almost certainly result. Rather, proof of awareness of a substantial risk of the harm suffices. But recklessness entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent.
>
> The charged official must be subjectively aware that his conduct creates such a risk. Prison officials may, of course, introduce proof that they were not so aware, such as testimony that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent. . . . The defendant's belief that his conduct poses no risk of serious harm (or an insubstantial risk of serious harm) need not be sound so long as it is sincere. Thus, even if objectively unreasonable, a defendant's mental state may be nonculpable.

*Id.* at 280-81 (internal quotation marks and citations omitted). As is relevant here, "[c]ourts have repeatedly recognized that the reliance on a medical professional's opinion negates a finding that a non-medically trained defendant was deliberately indifferent to an individual's medical needs." *Briglin v. Giancola*, No. 20-CV-614, 2023 WL 3765535, at *4 (N.D.N.Y. Apr. 5, 2023) (internal quotation marks omitted); *see also, e.g.*, *McGaw v. Sevier Cnty., Tenn.*, 715 F. App'x 495, 498 (6th Cir. 2017) (summary order) ("[I]n a situation where a non-trained officer defers to a medical professional's judgment, absent a reason to believe (or actual knowledge) that prison doctors or

6

their assistants are mistreating (or not treating) a prisoner, a non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." (internal quotation marks and ellipsis omitted)); *Bond v. Aguinaldo*, 228 F. Supp. 2d 918, 920 (N.D. Ill. 2002) ("[P]rison officials may reasonably rely on the judgment of medical professionals.").

In this case, the undisputed evidence establishes that Urban relied on Dr. Haque's assessment of Plaintiff's medical records to deny Plaintiff his requested accommodations. *See* ECF No. 62-5 at 11, 14; ECF No. 62-4 at 28; ECF No. 1-1 at 5. And those records—*i.e.*, the objective examination findings—indisputably show that Plaintiff does not meet the testing criteria for legally blindness or severe visual impairment. *See* ECF No. 62-4 at 4-5, 16, 22-23, 42. Even if, as Plaintiff alleges in his complaint, Plaintiff voiced his disagreement with the denial and informed Urban that he needed prescription eyeglasses, *see* ECF No. 1 at 5, Urban's undisputed reliance on a medical professional's contrary opinion—whose own opinion was premised on undisputed objective examination results—"negates a finding" of deliberate indifference. *Briglin*, 2023 WL 3765535, at *4. Furthermore, while Plaintiff marshals what he believes to be contrary medical opinion regarding his visual abilities, *see* ECF No. 64 at 5, 10-11, neither a difference of medical opinion, nor an inmate's preference for a different treatment, nor an inmate's mere feeling "that he did not get the level of medical attention he desires," is sufficient to demonstrate deliberate indifference.[2] *Benitez v. King*, 298 F. Supp. 3d 530, 538 (W.D.N.Y. 2018).

---

[2] As Defendants point out, further undermining Plaintiff's allegation of deliberate indifference is the fact that Urban's and Dr. Haque's decisionmaking conformed to Directive 2612: because testing revealed that Plaintiff's visual difficulties did not rise to the level of "legal blindness" or a "severe visual impairment," the accommodation request (brought pursuant to Directive 2612) could properly be denied. *See* ECF No. 62-3 at 28. Contrary to Plaintiff's argument, Urban did not violate Subsection VIII(B) of Directive 2612, which requires prison officials to grant accommodation requests if the visually impaired inmate is not in possession of "appropriate corrective lenses or glasses." ECF No. 62-3 at 37. Because Plaintiff's vision exceeded the levels for "legal blindness" or "severe visual impairment" without *any* correction, *see* ECF No. 62-4 at 4, his accommodations could be revoked without the provision of corrective lenses. *See* ECF No. 62-3 at 37.

7

Accordingly, Plaintiff has failed to create a genuine issue of material fact as to the subjective prong of his Eighth Amendment claim, and therefore summary judgment is proper.

**II.     ADA and Rehabilitation Act Claims**

In its screening order, the Court permitted Plaintiff's ADA and Rehabilitation Act claims to proceed to service. *See* ECF No. 15 at 18-28. Plaintiff seeks only money damages for those claims.[3] *See* ECF No. 1 at 9. Defendants argue that summary judgment is appropriate on such claims because, *inter alia*, Plaintiff has not presented sufficient evidence of an intentional violation. *See* ECF No. 62-8 at 20-22. The Court agrees.

As a general matter, a plaintiff may only recover "money damages under either Title II of the ADA or § 504 of the Rehabilitation Act upon a showing of a statutory violation resulting from deliberate indifference to the rights secured the disabled by the acts."[4] *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 115 (2d Cir. 2001). This standard does not demand a showing of "personal animosity or ill will." *Viera v. City of New York*, No. 15-CV-5430, 2017 WL 3130332, at *14 (S.D.N.Y. July 21, 2017). But more is required than "mere negligence." *Id.* "[K]nowledge that an individual has a disability and a failure to offer an accommodation is not sufficient to establish deliberate indifference. A plaintiff must instead demonstrate a failure to act in the face of actual knowledge that the disabled individual requires an [accommodation] under such circumstances where the level of indifference is so pervasive as to amount to a choice." *Id.* (internal quotation marks omitted).

---

[3] In its screening order, the Court notified Plaintiff that he must file an amended complaint to the extent he sought prospective injunctive relief on his ADA and/or Rehabilitation Act claims. *See* ECF No. 15 at 23. Plaintiff did not file an amended complaint.

[4] As the Court explained in its screening order, recovery of money damages from a state entity for violation of Title II of the ADA presents "a more complicated question." ECF No. 15 at 26. Nevertheless, at a minimum, a plaintiff's failure to show deliberate indifference dooms his claims for monetary relief under either statute, and the Court proceeds on that basis.

As stated above, the undisputed evidence establishes that Urban—and the other reviewing officials—relied on Dr. Haque's assessment of Plaintiff's objective clinical findings to deny Plaintiff's requested accommodations. *See* ECF No. 62-5 at 11, 14; ECF No. 62-4 at 28; ECF No. 1-1 at 5; ECF No. 62-7 at 194-204. Plaintiff's disagreement with the result reached during the accommodation process—even if founded upon some competent evidence—is insufficient to establish deliberate indifference on the part of the reviewing officials. *Cf. S.H. v. Lower Merion Sch. Dist.*, 729 F.3d 248, 266 (3d Cir. 2013) (clarifying that liability for money damages "is not dependent merely on whether the [defendants] erred in their determinations," but requires evidence that the defendants had "*knowledge*" that their determination was wrong (emphasis added)).

Because Plaintiff only seeks monetary relief in connection with his ADA and Rehabilitation Act claims, and because there is insufficient evidence to support such relief, summary judgment is warranted on these claims.

## CONCLUSION

For the reasons stated herein, Defendants' motion for summary judgment (ECF No. 62) is GRANTED. The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:  December 10, 2024
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York